UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN E. WALSH,<br><br>        Plaintiff,<br><br>v.<br><br>CLARABRIDGE, INC., SAMI ABED, CRAIG DAILEY, SID BANERJEE, BAS BRUKX, MICHAEL ACKERMAN AND EMILY MARKMANN,<br><br>        Defendants. | Civil Action No. |

## NOTICE OF REMOVAL

Defendant Clarabridge, Inc. ("Defendant" or "Clarabridge"), files this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446 and hereby removes this action from the Norfolk County Superior Court (the "Superior Court") to the United States District Court for the District of Massachusetts.  As its reasons for removal, Defendant states as follows.

1. On or about September 30, 2015, Plaintiff John E. Walsh ("Plaintiff" or "Walsh") filed a lawsuit in the Superior Court titled <u>John E. Walsh v. Clarabridge, Inc., Sami Abed, Craig Dailey, Sid Banerjee, Bas Brukx, Michael Ackerman and Emily Markmann</u>, Docket No. 1582-cv-01263 (the "Action").

2. Defendant Clarabridge was served with a copy of the Summons and Complaint on or about October 9, 2015.  Therefore, this Notice of Removal is timely.  <u>See</u> 28 U.S.C. § 1446(b).

3. No other named defendants have been served with process to date.

4. This Court has diversity jurisdiction over the Pending Action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Plaintiff is a resident of Wellesley, Massachusetts. Compl., ¶ 1.

6. Defendant Clarabridge is an entity organized under the laws of the State of Delaware, with a principal place of business in Reston, Virginia.

7. Defendant Sami Abed is an individual who, according to the Complaint, resides in California. Compl., ¶ 2(b).

8. Defendant Craig Dailey is an individual who, according to the Complaint, resides in California. Compl., ¶ 2(c).

9. Defendant Sid Banerjee is an individual who, upon information and belief, resides in Washington, D.C.

10. Defendant Bas Brukx is an individual who, upon information and belief, resides in Virginia.

11. Defendant Michael Ackerman is an individual who, upon information and belief, resides in Virginia.

12. Defendant Emily Markmann is an individual who, upon information and belief, resides in Virginia.

13. Thus, Plaintiff and Defendants are citizens of different states.

14. In his Complaint, Walsh claims that Clarabridge failed to pay Walsh commission under the terms of the "2014 Account Executive Commission Plan" ("Commission Plan") in violation of M.G.L. c. 149, § 148, et seq. Compl. ¶¶ 6, 12, 16-22 (Count II). Plaintiff also brings

claims for breach of contract as a result of Defendant's failure to pay him commission owed (Count I, Compl. ¶¶ 13-15) and seeks declaratory relief (Count III, Compl. ¶¶23-24).

15.  Plaintiff seeks recovery of damages for compensation owed in the amount of $481,416.00.  See Civil Action Cover Sheet.  Plaintiff also seeks mandatory treble damages under M.G.L. c. 149 § 150, as well as costs and attorneys' fees.  Compl. p. 5.

16.  In light of Plaintiff's claimed damages, mandatory treble damages, and statutory entitlement to attorneys' fees, there is more than a reasonable probability that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs.  Accordingly, this Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a).

17.  Attached hereto as Exhibit A is true and correct copy of all process, pleadings (including the Summons, Civil Action Cover Sheet and Complaint) and orders served on Defendant in the Pending Action.  See 28 U.S.C. § 1446(a).

18.  The Action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because it is pending in Norfolk County, Massachusetts, which lies within this District.

19.  A true and complete copy of this Notice of Removal has been served this day, together with the Notice of Filing of Notice of Removal, by overnight delivery upon the Clerk of the Norfolk County Superior Court for filing in accordance with 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit B.

20.  This Notice of Removal and a Notice of Filing of Notice of Removal have also been served this day via first class mail upon counsel of record for Plaintiff.

Respectfully submitted,

**CLARABRIDGE, INC.,**

By its attorneys,

/s/ Stephen T. Melnick
David Casey (BBO No. 077260)
Stephen T. Melnick (BBO No. 667323)
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA 02110
(617) 378-6000 (t)
(617) 737-0052 (f)
dcasey@littler.com
smelnick@littler.com

Dated: October 29, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October 2015, a true copy of the foregoing Notice of Removal was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing, as well as via first class mail upon plaintiff's counsel of record:

>  Dennis R. Brown
>  Dennis R. Brown, P.C.
>  869 Concord Street
>  Framingham, MA  01701

/s/ Stephen T. Melnick
Stephen T. Melnick

Firmwide:136594857.1 078296.1007