```
              UNITED STATES DISTRICT COURT

           FOR THE DISTRICT OF MASSACHUSETTS

           CIVIL ACTION NO: 1:15-cv-13670-MBB
```

JOHN E. WALSH
Plaintiff

v.

CLARABRIDGE, INC., CRAIG DAILEY, SID BANERJEE, BAS BRUKX,
MICHAEL ACKERMAN and EMILY MARKMANN
Defendants

### FIRST AMENDED COMPLAINT

Pursuant to the provisions of Fed.R.Civ.P. 15(a), the Plaintiff amends his complaint as follows:

### I. THE PARTIES

1. The Plaintiff is John E. Walsh **("Walsh")**, an individual, who resides at 88 Albion Road, Wellesley, Norfolk County, Massachusetts 02481.

2. The Defendants are:

    a.) Clarabridge, Inc. **("Clarabridge")**, a Delaware corporation with principal offices located at 11400 Commerce Park Drive, Suite 500, Reston, VA 20191, whose agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808; and,

    b.) Craig Dailey, Treasurer of Clarabridge **("Dailey")**, whose address is currently only known to Walsh as 2201 Broadway, Suite M-6 and M-7, Oakland, CA 94612; and,

    c.) Sid Banerjee, Chief Executive Officer and Chairman of Clarabridge **("Banerjee")**, whose address is currently only known to Walsh as 11400 Commerce Park Drive, Suite 500, Reston, VA 20191; and,

    d.) Bas Brukx, Chief Financial Officer of Clarabridge **("Brukx")**, whose address is currently only known to Walsh as 11400 Commerce Park Drive,

      Suite 500, Reston, VA 20191; and,

      e.) Michael Ackerman, Vice President of Clarabridge (**"Ackerman"**), whose address is currently only known to Walsh as 11400 Commerce Park Drive, Suite 500, Reston, VA 20191; and,

      f.) Emily Markmann, Member of the Board of Directors of of Clarabridge (**"Markmann"**), whose address is currently only known to Walsh as 11400 Commerce Park Drive, Suite 500, Reston, VA 20191; and,

all of whom will be referred to collectively throughout as the Defendants.

## II. JURISDICTION

3. This Court has jurisdiction of this action pursuant to the provisions of Massachusetts General Laws Chapter 149, Section 150, Massachusetts General Laws Chapter Massachusetts General Laws, Chapter 212, Section 4, Massachusetts General Laws, Chapter 214, Section 1, et seq., Massachusetts General Laws, Chapter 231A, §1, et seq. and by virtue of its equitable and inherent authority.

## II. FACTS

4. Walsh was an employee of Clarabridge from July 14, 2014 through January 30, 2015.

5. Prior to the time of his employment termination with Clarabridge, Walsh had served as a business development director for Clarabridge and was entitled to compensation in the form of commissions based upon his performance and contributions in connection with sales of products and services to third parties.

6. At the time of his employment termination with Clarabridge, significant amounts of money were due and owing to Walsh by Clarabridge for commissions under the terms of a certain "2014 Account Executive Commission Plan" (**"Commission Plan"**), which contained contractual terms and conditions of employment binding on Clarabridge as it relates to Mr. Walsh.

7. Throughout his employment with Clarabridge, Dailey, Banerjee, Brukx, Ackerman and/or Markmann were officers and agents having management of Clarabridge.

8. On March 30, 2015, Walsh, through his counsel, corresponded

with various officers and representatives of Clarabridge (including Banerjee, Brukx, Ackerman and Markmann) and made demand for payment of the wages which were then due him under the Commission Plan. **(A true and accurate copy of said correspondence is attached hereto and incorporated herein as Exhibit "A").**

9. On May 5, 2015, Clarabridge and/or Banerjee, Brukx, Ackerman and Markmann corresponded through counsel and denied Walsh's claim for compensation under the Commission Plan which was outlined and referred to in Walsh's March 30, 2015 correspondence to Clarabridge, Banerjee, Brukx, Ackerman and Markmann. **(A true and accurate copy of said correspondence is attached hereto and incorporated herein as Exhibit "B")**

10. On June 4, 2015, Walsh corresponded with the Office of the Attorney General and submitted a Non-Payment of Wage Complaint Form. **(True and accurate copies of said correspondence and Non-Payment of Wage Complaint Form are attached hereto and incorporated herein as Exhibit "C").**

11. On June 17, 2015, the Office of the Attorney General issued a "right to sue letter" to Walsh in accordance with Massachusetts General Laws, Chapter 149, Section 150 and Chapter 151, Sections 1B and 20. **(A true and accurate copy of said correspondence is attached hereto and incorporated herein as Exhibit "D").**

12. Since the termination of Walsh's employment in January of 2015, Clarabridge has failed, despite demand, to pay Walsh the wages owed to him under the Commission Plan.

## COUNT I - BREACH OF CONTRACT
### (Clarabridge)

13. Walsh repeats and realleges all provisions contained in paragraphs 1 through 12 above.

14. By the conduct stated above, the Commission Plan has been breached by Clarabridge.

15. As a result of the above-stated breach, Walsh has suffered harm and damage.

### COUNT II - VIOLATION OF M.G.L. c.149, §148, et seq.
### (Clarabridge, Dailey, Banerjee, Brukx, Ackerman and Markmann)

16. Walsh repeats and realleges all provisions contained in paragraphs 1 through 15 above.

17. Clarabridge, Dailey, Banerjee, Brukx, Ackerman and/or Markmann are each an employer within the meaning of M.G.L. c. 149, §148.

18. Walsh, at all times material hereto, was an employee within the meaning of M.G.L. c.149, §148.

19. Clarabridge and/or Dailey, Banerjee, Brukx, Ackerman and Markmann owe Walsh for wages within the meaning of M.G.L. c.149, §148, which wages have been determined, have become due and payable and have been earned by Walsh more than seven days prior to the institution of this action.

20. Defendants' conduct described above constitutes a violation of G.L. c.149, §148.

21. Walsh is an employee aggrieved by a violation of M.G.L. c. 149, §148 by the Defendants and more than ninety days have expired after the filing of a complaint with the Attorney General; or, the Attorney General has assented in writing that Walsh may prosecute his claim under M.G.L. c.149, §§148 through 150 on his own behalf.

22. Walsh is entitled to injunctive relief as provided by M.G.L. c.149, §150 in the form of an Order and Judgment of this Court requiring the Defendants to pay Walsh sums due under this employment contract with Clarabridge.

### COUNT III - DECLARATORY RELIEF (M.G.L. c.231A, §§1, et seq.)
### (Clarabridge,, Dailey, Banerjee, Brukx, Ackerman and Markmann)

23. Walsh repeats and realleges all provisions contained in paragraphs 1 through 22 above.

24. There now exists a serious controversy between Walsh and the Defendants concerning Walsh's rights, duties and status with respect to compensation owed Walsh during the course of his employment with Clarabridge and in connection with his rights and status in relation thereto and the Defendants' correlative duties with respect to the Employment Agreement and/or M.G.L. c.149, §§148 through 150.

**WHEREFORE**, your Plaintiff respectfully requests that this Court grant him the following relief and remedies:

a. That the Plaintiff be awarded damages, interest, costs and attorney's fees;

b. That the Plaintiff be awarded injunctive relief as to his claims under Count I;

c. With respect to Count II, that the Plaintiff be awarded his actual damages, treble damages and other injunctive relief as provided by M.G.L. c.149, §150, interest, costs of litigation and reasonable attorney's fees;

d. That judgment enter under Count III declaring the rights and correlative obligations of the parties with respect to the Commission Plan under Count I and M.G.L. c.149, §§148 through 150 under Count II;

e. Any other relief which this Court deems meet and just.

```
                              Plaintiff
                              John E. Walsh,
                              By His Attorney,


                                /s/ Dennis R. Brown
                              DENNIS R. BROWN, ESQUIRE
                              DENNIS R. BROWN, P.C.
                              869 Concord Street
                              Framingham, Massachusetts 01701
                              (781) 431-1340
                              BBO # 059980
```

DATED: October 30, 2015

### Certificate of Service

I hereby certify that this date, October 30, 2015, a true copy of the above document (a First Amended Complaint) was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants on the Notice of Electronic Filing and will be sent to all

non-registered participants identified on the Notice of Electronic Filing by mail; once such defendants'/participants' addresses are determined as such addresses are, as yet, undetermined, because service in accordance with Fed.R.Civ.P. 4 has yet to be accomplished and Plaintiff is awaiting an answer to interrogatories served upon the corporate defendant which would reveal such addresses.

                                         _/s/ Dennis R. Brown_
                                         Dennis R. Brown

ref:  X:\JOHN WALSH\Clarabridge\LITIGATION\US DISTRICT COURT\Complaint(ver3)(First Amended Complaint).wpd\1-6